# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

_____

ROBERT C. PHILLIPS,

                                                Plaintiff,

        vs.                                                9:11-CV-1438
                                                                 (LEK/ATB)

ADAM VALLS, *et al.*,

                                                Defendants.

_____

ROBERT C. PHILLIPS, Plaintiff *pro se*
JENNIFER KATZ, Assistant County Attorney, for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter was referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Lawrence E. Kahn, Senior United States District Judge. In this civil rights complaint, plaintiff alleges that the defendants violated his Constitutional rights while he was incarcerated at Broome County Correctional Facility ("BCCF"). (Dkt. No. 1 at 13–14).

Defendants filed a motion for summary judgment on February 25, 2013, based *inter alia*, upon failure to exhaust administrative remedies. (Dkt. No. 19). Plaintiff responded in opposition to defendants' motion. (Dkt. No. 23). For the following reasons, the court recommends granting defendants' motion, and dismissing the complaint in its entirety.

**DISCUSSION**

**I.      Facts**

Plaintiff alleges that, on September 17, 2011, several correction officers at BCCF used excessive force while transporting him from one cell to another. (Compl ¶¶ 56–57). Plaintiff alleges that defendants Valls and Connors entered his cell and assaulted him. (Compl ¶¶ 57–62). He alleges that defendants Derzanovich, Koziol, Radduchi, Betka, France, Dattoria, White, and Tenant responded to the incident and either assisted in the assault or watched without doing anything to stop it. (Compl. ¶¶ 65–67). Plaintiff was then placed in handcuffs and taken to the medical department, where he was seen by Nurse Page. (Compl. ¶ 68). Plaintiff did not report any serious injuries, was quickly cleared by Nurse Page, and was taken to his new cell. (Compl. ¶ 70).

The day after the alleged incident, plaintiff alleges that he suffered from vomiting and loss of consciousness. (Compl. ¶ 75). As a result of these symptoms, he requested to see a nurse. (*Id.*). He was seen by Nurse Juan and states that he reported all of his physical injuries to her at that time. (Compl. ¶ 76). Nurse Juan arranged for plaintiff to see Doctor Boot. (Compl. ¶ 77). Doctor Boot took x-rays of plaintiff's ribs, and plaintiff alleges that he also mentioned all of his injuries from the alleged incident to the Doctor. (Compl. ¶¶ 78–79). Plaintiff did not file a grievance regarding the incident in accordance with the prisoner grievance policies in place at BCCF.

**II.     Summary Judgment**

Summary judgment is appropriate where there exists no genuine issue of

material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). "Only disputes over ['material'] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin v. Goord*, 467 F.3d at 272. "[I]n a pro se case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (citing, *inter alia*, *Burgos v. Hopkins*, 14 F.3d

3

787, 790 (2d Cir. 1994) (a court is to read a pro se party's "supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest")). "However, a pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

## III. Exhaustion of Administrative Remedies

### A. Legal Standards

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004).

In *Jones v. Bock*, 549 U.S. 199, 218–19 (2007), the Supreme Court held that in order to properly exhaust an inmate's administrative remedies, he must complete the administrative review process in accordance with the applicable state rules. *Id.*

4

(citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. 548 U.S. at 90–103. In *Woodford*, the Court concluded that the inmates did not properly exhaust their administrative remedies when their grievances were dismissed because the inmates had missed the deadlines set forth in the grievance procedure. *Id.* at 93.

### B. Application

BCCF has an "Inmate Grievance Process" in place. (Dkt. No. 19-9 at 1). Under that process, if an inmate feels that he has "a legitimate grievance against the facility," he must first "[a]ttempt to get the issue resolved with the housing officer." (Dkt. No. 19-9 at 1.) Next, the inmate must request a grievance form from the grievance officer, complete this written grievance, and file the form within five business days. *Id.* If the inmate is not satisfied with the response from the grievance officer, the inmate may appeal to the Corrections Facility Administrator. *Id.* If the inmate is not satisfied with the response from the Corrections Facility Administrator, he or she may appeal to the State Commission on Correction. *Id.* The Commission is required to respond within forty-five days of receipt of the appeal. *Id*.

Plaintiff was required to follow the Inmate Grievance Process in order to

5

exhaust his administrative remedies regarding the alleged use of excessive force. Plaintiff did not file any grievances, and he admits that he did not follow the appropriate grievance process. (Dkt. No. 23 at 2.) To the extent plaintiff argues that his letters to the office of the district attorney and Major Smolinsky were sufficient to exhaust his administrative remedies, the Second Circuit has rejected that argument. *See Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (where the inmate does not comply with the "critical procedural rules," he will not have complied with the PLRA's exhaustion requirement).

Plaintiff's failure to exhaust, however, does not end the inquiry. The Second Circuit has held that a three-part inquiry is appropriate when a prisoner has failed to exhaust his available administrative remedies. *Hemphill v. New York,* 380 F.3d 680, 686, 691 (2d Cir.2004). The inquiry asks (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estops them from raising the defense; and (3) whether special circumstances justify the inmate's failure to comply with the exhaustion requirement. *Id.*

Even after *Woodford*, courts have continued to assume that there are exceptions to the exhaustion requirement, particularly where defendants' conduct is such that they will be estopped from asserting the defense. *See Smart v. Goord*, 04 Civ. 8850,

6

2008 U.S. Dist. LEXIS 16053, *5–7 (S.D.N.Y. March 3, 2008) (citing *Ziemba v. Wezner*, 366 F.3d 161, 162 (2d Cir. 2004) (plaintiff claimed, *inter alia*, that prison officials beat him, threatened him, and denied him grievance forms)); *Amador v. Superintendents of the Dep't of Correctional Svcs.*, 03 Civ. 650, 2007 U.S. Dist. LEXIS 89648, *14–24 (S.D.N.Y. Dec. 4, 2007) (discussing viability of exceptions to exhaustion after *Woodford v. Ngo*). In *Macias v. Zenk*, 495 F.3d 37, the Second Circuit cited *Woodford*, and also considered whether the defendants' actions would have estopped them from asserting the defense of non-exhaustion. In *Davis v. State of New York*, the Second Circuit continued to utilize this three-part test to determine whether a plaintiff properly exhausted his remedies.[1] *Davis v. State of New York*, 311 F. App'x. 397, 399 (2d Cir. 2009).

In this case, plaintiff provides no evidence to indicate that the administrative remedies provided by BCCF were unavailable to him, that defendants somehow inhibited him from exhausting his administrative remedies, or that there were special circumstances in this case justifying his failure to utilize the available procedures.

---

[1] This court also notes that, based upon the concurring opinion in *Woodford*, it appears that the Second Circuit decisions have *not* been overruled in that respect. In his concurring opinion in *Woodford*, Justice Breyer specifically noted that two circuits, the *Second* Circuit and the Third Circuit that have interpreted the PLRA "in a manner similar to that which the [Supreme] Court today adopts [in *Woodford*] have concluded that the PLRA's proper exhaustion requirement is not absolute." *Woodford*, 548 U.S. at 104 (citing *Spruill v. Gillis*, 372 F.3d 218, 232 (3d Cir. 2004); *Giano v. Goord*, 380 F.3d 670, 677 (2d Cir. 2004)) (Breyer, J. concurring). Justice Breyer then stated that on remand, the lower court should "similarly" consider any claims that the inmate might have concerning whether his case "falls into a *traditional exception that the statute implicitly incorporates*." *Id.* (emphasis added). This statement implies that there are still exceptions that a court may consider.

7

Furthermore, defendants preserved the exhaustion defense by asserting it in their answer to the complaint. (Dkt. No. 16 ¶ 11.)

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 19), be **GRANTED**, and plaintiff's complaint be **DISMISSED IN ITS ENTIRETY** based on his failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 30, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge